**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Shaquille Bradon Dozier, Appellant.

Appellate Case No. 2019-001430

———————

Appeal From Horry County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2022-UP-134
Submitted January 1, 2022 – Filed March 23, 2022

———————

**AFFIRMED**

———————

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Ambree Michele Muller, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, all for Respondent.

———————

**PER CURIAM:** Shaquille Bradon Dozier appeals his convictions for carjacking and failure to stop for a blue light and concurrent sentences of fifteen years' imprisonment and three years' imprisonment, respectively. On appeal, Dozier

argues the trial court erred in finding he was competent to stand trial. Because the trial court's competency finding had evidentiary support and was not against the preponderance of the evidence, the trial court did not err in finding Dozier was competent to stand trial. Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Nance*, 320 S.C. 501, 504, 466 S.E.2d 349, 351 (1996) ("The defendant bears the burden of proving his incompetence by a preponderance of the evidence."); *id.* at 504-05, 466 S.E.2d at 351 ("The trial court's determination of competency will be upheld if it has evidentiary support and is not against the preponderance of the evidence."); *State v. Bell*, 293 S.C. 391, 395-96, 360 S.E.2d 706, 708 (1987) ("The test for competency to stand or continue trial is whether the defendant has the sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and whether he has a rational, as well as a factual, understanding of the proceedings against him.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., MCDONALD, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.